UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CHARLOTTE GUSHEE                                                        Plaintiff

v.                                                         Civil Action No. 4:25-cv-127-RGJ

TARGET CORPORATION,                                                   Defendants
NGROUP INC.

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Proposed Intervenor Great American Alliance Insurance Co. ("Great American") moves to intervene in the above-captioned case. Defendants do not oppose the motion. [DE 20]. Plaintiff has not responded and the time to do so has passed. For the reasons below, the motion to intervene is **GRANTED.**

### I.    BACKGROUND

Plaintiff was injured when unsecured cargo fell on her while unloading her trailer. [DE 1-2 at 14]. Plaintiff filed suit in Henderson Circuit Court against the Defendants, Target Corporation and NGroup Inc., alleging that they were responsible for securing the cargo, eliminating hazardous conditions upon the premises and or in the trailer. [*Id.*] Plaintiff claims negligence, and negligence per se. [DE 1-2 at 16-17]. Great American moved to intervene in the action. [DE 18]. Plaintiff has not responded to the motion and Defendants do not object. [DE 20].

### II.    MOTION TO INTERVENE

KEMI moves to intervene as a matter of right. KEMI asserts in the proposed intervening complaint that it was the workers compensation carrier for Plaintiff's employer, Paschall Truck

1

Lines, Inc. at the time of the accident and that it is subrogated to the right of Plaintiff against the Defendants per KRS 342.700.  [DE 18 at 93].

### A.  Standard of Review

Under Rule 24(a), the "court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent the interest."  Fed. R. Civ. P. 24(a)(2).  To satisfy this rule, the Sixth Circuit requires an applicant show that: "1) the application was timely filed; 2) the applicant possesses a substantial legal interest in the case; 3) the applicant's ability to protect its interest will be impaired without intervention; and 4) the existing parties will not adequately represent the applicant's interest." *Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2001) (citing *Grutter v. Bollinger*, 188 F.3d 394, 397–98 (6th Cir. 2011)).  Each element is mandatory, so a failure to satisfy any element will defeat intervention. *Id.*

### B.  Analysis

#### i.  *Timeliness of Application*

The timeliness factor encompasses five sub-factors: "(1) the stage of the proceedings; (2) the purpose of intervention; (3) the length of time that the movant knew or should've known of its interest in the case; (4) the prejudice to the original parties; and (5) any unusual circumstances militating for or against intervention." *United States v. Michigan*, 68 F.4th 1021, 1024–25 (6th Cir. 2023).

As to timeliness, Great American moved to intervene about three months after the scheduling order was entered, about five months before discovery closes. [DE 14]. Great American

has a legitimate purpose granted by Kentucky statute and no prejudice has been presented by the original parties. Thus, the element of timeliness is satisfied.

### ii.   Substantial Legal Interest

The Sixth Circuit has adopted "a rather expansive notion of the interest sufficient to invoke intervention of right." *Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 315 (6th Cir. 2005) (citation omitted); *see also Bradley v. Millike*, 828 F.2d 1186, 1192 (6th Cir. 1987) ("[T]his court has acknowledged that 'interest' is to be construed liberally.").

Great American seeks to recover damages through this case as a subrogee. KRS 342.700 authorizes, among other things, an insurer who has paid workers' compensation to "recover in . . . its own name or that of the injured employee from the other person in whom legal liability for damages exists[.]" § KRS 342.700(1).  As a result, Great American has a substantial legal interest in the subject matter of the case.

### iii.   Ability to Protect Legal Interest Without Intervention

KRS § 411.188(2) states that "a failure to assert subrogation rights by intervention . . . will result in a loss of those rights." District courts have held that this satisfies the third element necessary for intervening. *See, e.g., Marquez-Warner v. Campus Crest at Louisville, LLC*, 2018 WL 11446385, at *2 (W.D. Ky. 2018); *Lemaster v. Taylor Indus., LLC,* 2011 WL 1577808, at *1–2 (E.D. Ky. 2011).  As a result, absent intervening, Great American could lose its subrogation rights and its ability to protect its legal interest.

### iv.  Inadequate Representation

The burden of establishing that an intervenor's interest is not adequately protected by the existing party "is minimal" as the movant need only show representation may be inadequate, not that it will be inadequate.  *Linton by Arnold v. Comm'r of Health and Env't, State of Tenn.*, 973

F.2d 1311, 1319 (6th Cir. 1992); *see Michigan State AFL-CIO v. Miller,* 103 F.3d 1240, 1247 (6th Cir. 1997).  "[I]t may be enough to show that the existing party who purports to seek the same outcome will not make all of the prospective intervenor's arguments." *Id.*

Plaintiff's interests and Great American's interests are different. "[Great American] simply wants compensation for what it has and will have to pay as an insurer; the plaintiff hopes to maximize his recovery for his injuries." *Lemaster*, 2011 WL 1577808, at *2.  Thus, Plaintiff cannot be expected to adequately protect Great American's interest.

Because the Court finds that Great American has satisfied all four factors required by Federal Rule of Civil Procedure 24(a), Great American's Motion to Intervene is **GRANTED**.

### III.    CONCLUSION

The Court being otherwise sufficiently advised, **IT IS ORDERED** that the motion to intervene [DE 18] is **GRANTED**. The tendered Intervening Complaint [DE 18-1] shall be filed as of the entry of this order.

Rebecca Grady Jennings, District Judge

United States District Court

May 15, 2026

4